IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN RAWERS,

    Plaintiff,

vs.                                                                                                    No. CIV 19-0034 JB/CG

UNITED STATES OF AMERICA and
CLARISSA SKINNER-RAMP,

    Defendants.

## ORDER

**THIS MATTER** comes before the Court on the Opposed Motion for Extension of Time to File Notice of Appeal, filed August 17, 2021 (Doc. 114)("Motion"). The Court held a hearing on August 24, 2021. See NOTICE of Motion Hearing on Opposed Motion for Extension of Time to File Notice of Appeal, filed August 23, 2021 (Doc. 115). The issue is whether the Court should extend the deadline to file a notice of appeal to September 23, 2021, given that the Defendant United States of America requests additional time to allow the Solicitor General of the United States to determine whether to seek review of the Court's Memorandum Opinion, Findings of Fact, Conclusions of Law, and Order, Rawers v. United States, No. CIV 19-0034 JB/CG, 2021 WL 2634884 (D.N.M. June 25, 2021)(Browning, J.), filed June 25, 2021 (Doc. 111)("MOO") and the Final Judgment, filed June 25, 2021 (Doc. 11). The Court will extend the deadline to September 23, 2021, because the United States timely filed the extension request on August 17, 2021, and has demonstrated excusable neglect.

Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure requires the United States to file a notice of appeal within 60 days after the entry of the judgment. See Fed. R. App. 4(a)(1)(B). The Court entered Final Judgment in this case on June 25, 2021; thus, the United States' deadline

to file a notice of appeal is August 24, 2021.  See Final Judgment at 1.  See also Fed. R. App. 4(a)(1)(B).  The United States asks the Court to extend this deadline to September 23, 2021.  See Motion at 2.  The United States requests additional time because, given that the Court's "order was adverse to the United States, the Solicitor General of the United States must determine whether to seek review of the decision.  Defendants require additional time to complete this review process."  Motion at 1.  The United States notes that Plaintiff Karen Rawers "opposes any extension longer than 20 days."  Motion at 2.

The Court will grant the Motion, because the United States: (i) filed the Motion before the "time prescribed by . . . Rule 4(a) expires"; and (ii) the United States has demonstrated that "excusable neglect" exists to extend the deadline.  Fed. R. App. 4(a)(5)(A).  See Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004)("The district court . . . may extend the time upon a showing of 'excusable neglect or good cause,' if a party moves for an extension no later than thirty days after the appeal time has expired.")(quoting Fed. R. App. P. 4(a)(5)(A)); Motion at 1-2.

> The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990).  They are not interchangeable, and one is not inclusive of the other.  The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault -- excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Committee Notes to the 2002 Amendments to Fed. R. App. P. 4.  The Advisory Committee explains that where, for example, the "Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension.  It may be unfair to make such a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all."

Committee Notes to the 2002 Amendments to Fed. R. App. P. 4 (no citation for quotation).  By contrast, the excusable neglect standard would apply where "an error committed by the movant makes it unlikely that the movant will be able to meet the original deadline."  Committee Notes to the 2002 Amendments to Fed. R. App. P. 4.  The excusable neglect standard applies here, because the United States requests additional time to allow the Solicitor General to review the Court's MOO.  See Motion at 1-2. Given that the United States' internal review process and the Solicitor General's "high volume" of cases, rather than an external force outside the United States' control, has caused the delay, excusable neglect is the appropriate standard.  Draft Transcript of Hearing 4:2-3 (taken Aug. 24, 2021) (Cunniff)("Tr.").[1]

The Court considers four factors when evaluating whether the United States' actions represent excusable neglect: (i) "the danger of prejudice" to Rawers; (ii) "the length of the delay and its potential impact on judicial proceedings,"; (iii) "the reason for the delay, including whether it was within the reasonable control of the movant,"; and (iv) "whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)("Pioneer").  See Biodiversity Conservation All. v. Bureau of Land Mgmt., 438 F. App'x 669, 672 (10th Cir. 2011)("We have in turn applied Pioneer's analysis of what constitutes 'excusable neglect' in the context of Federal Rule of Appellate Procedure 4(a)(5).")(quoting City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)).[2]  See also United States v. Roibal-Bradley, No. CR 15-3253 JB, 2017 WL 3052523, at *12 (D.N.M. June 20,

---

[1]The Court's citation refers to the unedited draft transcript.  Accordingly, page and line numbers are subject to slight change in the final edited version.

[2]Pioneer discusses excusable neglect in a bankruptcy rule's context, but Courts of Appeals, including the Tenth Circuit, have consistently extended its test for excusable neglect to rule 4(a). See City of Chanute v. Williams Natural Gas Co., 31 F.3d at 1046.

2017)(Browning, J.)(applying the Pioneer excusable neglect factors to a request for extension of time to appeal in a criminal case). Applying the Pioneer analysis in this case, all four factors weigh in the United States' favor.

First, Rawers does not argue, and the Court does not see how, she would be prejudiced on appeal by delay if the Court permits the extension of time. See Tr. at 2:16-3:11 (O'Connell). Rawers asserts only that her life has been "put on hold" for this case and that "delays do not serve the interest of the Plaintiff in any respect by her government." Tr. at 3:3-11 (O'Connell). Rawers dislike for the delay, however, does not mean the delay prejudices her. See Pioneer, 507 U.S. at 395. In fact, Rawers states, without explaining why, that a twenty-day extension would be suitable, although she objects to a thirty-day extension. See Motion at 2; Tr. at 3:5-7 (O'Connell). Regarding the second Pioneer factor, given that this litigation began over two years ago, the Court does not see how a relatively short delay would prejudice Rawers or have any significant impact on this case. See Tr. at 5:18-20 (Court)("I don't think thirty days is going to make that much difference."). Third, although the United States is at fault for the extension, it is not a "deliberate tactic," United States v. Roibal-Bradley, 2017 WL 3052523, at *10, and, given the intricacy of the Department of Justice's internal review process, the high volume of cases at the Solicitor General's office, and the length and complexity of the Court's MOO and of other decisions in this case, a thirty day extension is reasonable to allow the United States time to determine carefully whether to appeal, compare Motion at 2, with Biodiversity Conservation All. v. Bureau of Land Mgmt., 438 F. App'x at 673 (concluding that neglect was inexcusable "based on counsel's miscalculation of the deadline or a failure to read the rule"). See also City of Chanute, Kan. v. Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)( [F]ault in the delay remains a very important factor -- perhaps the most important single factor -- in determining whether neglect is excusable . . . .").

Fourth, there is no evidence, and Rawers does not argue, that the United States has acted in bad faith. See Tr. at 2:16-3:11 (O'Connell). "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). The Court therefore concludes, given that the United States has demonstrated excusable neglect, that it is "better not to force the Government to file a notice this afternoon and the Tenth Circuit open a proceeding, but instead to let the United States complete their review and make a decision whether to appeal" by September 23, 2021. Tr. at 5:22-6:1 (Court).

**IT IS ORDERED** that: (i) the Opposed Motion for Extension of Time to File Notice of Appeal, filed August 17, 2021 (Doc. 114), is granted; and (ii) the Defendant United States of America shall have an additional thirty days, until September 23, 2021, in which to file a notice of appeal of the Court's Final Judgment, filed June 25, 2021 (Doc. 112), and all the Court's rulings entered before the Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jess R. Lilley
Jerome O'Connell
Joshua Lilley
Lilley & O'Connell, P.A.
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Fred Federici
   Acting United States Attorney
Roberto D. Ortega
Christopher F. Jeu
Sean M. Cunniff
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*